OPINION of the Court, by
Judge Logan.
— -The appellees were complainants in thq court below, and !$iey succeeded therein on the supposed validity ef an. *540 entry, of which the appellant demands a rsinvestigatioii ‘n this c°urt. It:‘s as follows :
Jntl>
«D Centers ^^MVrTen0 tryof one thou fand acres" — ] v? ini'* an erT try often tbou-/andams, to be fjrvey^o'fiooo acres each.
Ought iubfe. tobe' boundTo notice this en. try of io.ooo omTállude/to by D C ?
Quen — When an entry Calls to begin on a úream 4 and a half miles from oughtelthe°dif cfese to be by the meanders or on a diredt line ? — — Vide hite vs Grayfon 1 voi. 143 — Bowman vet-jus Melton7 j53 — Lockhart vet jus *7 rabut's bcirs9 *51— Johxfin vs Brown & a!. Pr. Dec. 60, 6a
*540 January 2d, 1783- — Daniel Coleman enters 40,000 14 acres of land, See. dying on the north side of main Licking, beginning on the north bank of the same, about 4 miles below the mouth of die south fork, at the upper corner of John Mosby’s entry of 1000 acres, and from thence up the north side of Licking, binding on the same, to the line of an entry made for Timothy Peyton, qnd along the eastwardly side of the same to the line of John May’s entries, and along the eastwardly side of the said entries to the place where the upper line of the same strikes the north bank of Licking, running up the north side of Licking and binding thereon, to the lower corner of George Caldwell’s 3000 acre entry; then with Caldwell’s line to his northwest corner, then along his back line eastwardly to his northeast corner, a north- . wardly eourse, and also a northeastwardly course from the beginning, and binding with Mosby’s line, and continuing thence northwardly courses until the quantity of vacant land is obtained, exclusive of all legal prior claims.”
Notwithstanding this entry seems to have been made with great care, it is materially erroneous in several of *ís Parts’ or has not heen properly supported by ex-hibiting all the entries it calls to adjoin ; in so much that it is impossible to ascertain with precision the land intended to be covered by it. And to evince that it does not certainly appear that the land in contest would be included within the boundaries of the entry in ques-’t be necessary to repeat some of the special calls it contains. But it may not be improper first to premise in favor of this entry, that the identity and- no-tor'ety °f main Licking, and the mouth of the south fork, are well established. The call for about 4 miles below the upper corner of John Mosbyls entry of 1000 acres' seems 1° be founded on a mistake, or not to be strictly accurate. No entry for 1000 acres, in the name of Mosby, is produced, but one for 10,000 acres, which isasfoUows
“ December 17th, 1782 — John Mosby enters 10,000 acres of land, &C. to be laid off in 10 surveys of 1000 acres each, beginning 100 poles above the tpouth of the creek which runs into main Licking creek on the north *541 aide, about 4 miles below the mouth of the south fork of Licking ; the first 1000 acre survey to run from the beginning down the northeast side of main Licking, and binding on the same 640 poles, and thence extend ing at right angles from the creek a northeastwardly course for. quantity,” &c.
t{ Along the eaftwardly fide of johr.'May's entries,” &c. ; bir one entry of May being brought into view, entry depending on this call is invalid..
No person possessed of Mosby’s entry could doubt that it was the one meant by the entry in contest. But were pther locators bound to procure a copy of a 10,000 acre entry, to enable them to find the upper corner of a 1000 acre entry Í Perhaps the answer ought to be in the negative : but the court w 11 admit for the present that the answer ought to be in the positive, and proceed to consider .some of the other calls, in the order they stand, to wit : Thence up the north side oi Licking and binding thereon to an entry made for Timothy Peyton* and along the eastwardly side of the same to the line of John-May’s entries, and along the eastwardly side of the said entries to the place where the upper line of the same strikes the north bank of Licking, running up the jaorth side of Licking and binding thereon to the lower corner of George Caldwell’s 3000 acre entry ; then with Caldwell’s line to his northwest corner,&c.
Peyton’s entry is not exhibited ; yet this defect might pot be material in the present suit, if two or more entries made in that vicinity in the name of May had been produced and established. One entry only in the name of May is exhibited, which covers land lying below the claim of the app Hunt. But May’s entries are caljed for, and the appellees, to support the entry under whiefc they claim, were hound to shew another entry at lea's£ in the tlame of Muy ; or to have proven that May had no pther entry in the vicinity i for if there were another it might have extended up Licking, above the claim of the appellant, and so as to throw the entry under which the appellant’s found their claim entirely on other ¡and. It was indeed urged on behalf of the appellees, that if May had other entries in the vicinity, the appellant should have produced them. But the principle is well settled, that every complainant must shew and establish his own right, or fail of success ; and no exception to this doctrine can be allowed in land cases, unless when the claimant shews an object which fits his call, Jus adversary should be permitted to shew another ob *542 ject,lf he can, which will render it uncertain which oF the two was intended.
Those parts of C ddw; ll’s entry which are material in this suit, will now be recited. “ December 17th 1782 ■ — George Caldwell enters 3000 a res, &' beginning on the north side of main Licking, about 4 12 miles above the mouth of the south foik, and running up the north side of Licking, binding on the sam.-, 6 miles ; thence extending a northwardly, course from die creelj for quantity.”
It was suggested in arguing this cause, that conform-ably to some of the former decisions of this court, as well as the reason of the case, Caldwell’s beginning or lower corner ought to have been fixed on. the north bank of Licking, 4 1-2 miles above the mou’h of the south.forte, measuring along the meanders of L king, and not on a direct course ; and that it is obv.ous from the entry in question, th it the locator knew that the upper line of May’s entries would strike the bank of Licking below Caldwell’s lower corner, when thus fixed* and that it would be so understood bv other locators* Moreover it appearing from the surveyor’s report that? the corner would be within the claim of the appellant, and the entry in question calling to run with May’s upper line, thence up Licking with its meanders to Caldwell’s said corner, and thence with his lower line, &c„ Consequently the claim of the appellees'would include, a part of the appellant’s claim. The truth is, ther& seems to be a diversity of opinion as to the most rational construction of a locative call in an entry, where a given distance up or down a water course is specified; and as it is a question of great importance, the court will defer a decision thereon until it shall become necessary. In the present suit it is conceived not to be so: for granting that Caldwell’s corner ought to have been placed at the termination of 4 1-2 miles above the mouth of the south fork, running with the meanders, of Licking, still the precise boundaries of the entry under-investigation cannot be ascertained until all May’s entries in the vicinity are produced; and for this reason it cannot be ascertained how much, or in what manner the claims in contest would interfere with each other. 4knd an the principles recognised in the case Cox v&> *543 jf&nith (a) and several others, the entry in question cannot be supported in the present contest, although it is evident from the surveyor’s report there would besóme interference. Therefore this court is of opinion that the court below has erred in decreeing in favor of the appellees.
It need not be observed that the locator of Coleman’s claim might have been mistaken, when he supposed that the upper line of Maj's entries would strike Licking below Caldwell’s lower corner ; or he might have been of opinion that Caldwell’s lower corner should be fixed 4 1-2 miles on a direct course from the mouth of the ■south fork. And this is the more probable, because ■Caldwell himstlf has so fixed it.
Decree reversed and cause remanded, that the com* .jplainant’s bill may be dismissed.

 Har&a *”d’ 32 in index to